32593. ROME BRICK CO. *v.* DIXIE MACHINERY MFG. CO.

DECIDED SEPTEMBER 10, 1949.

8

14

16

18

*Covington, Covington & Sullivan,* for plaintiff in error.
*Matthews, Owens & Maddox,* contra.

FELTON, J.    The defendant below contends that under the pleadings in the case there were three warranties of the machinery bought by it: (1) a warranty that it would not clog; (2) a warranty that it had a capacity of 15 tons per hour when the moisture content of the material did not exceed 15%; and (3) a warranty that 90 to 95% of the material when ground would pass through 1/8″ mesh when the moisture did not exceed 15%. The plaintiff below contends that there was no warranty that the machine would never clog but that the warranty only extended to the circumstances and conditions stated in the warranty, that even if the second warranty was breached the de-

fendant waived it by not rescinding the contract as it contended the contract provided; and that the contract contained no warranty that the machine would grind to a particular fineness.

1. The description of the machine as a non-clog machine should be construed in connection with the other warranties and the circumstances and facts leading up to the contract to mean that the machine would not clog when it was putting out a finished product from 90 to 95% of which would pass through a 1/8-inch screen when the moisture was 15%. As to this warranty when the moisture was greater it should be construed to mean that the machine would not clog when the moisture was not unreasonably greater than 15%.

2. The defendant below did not waive whatever breach of warranty there was as to the capacity of the machine. The provision in the contract with reference to rescinding applies only to a breach of the warranty as to the particular fineness to which the machine was warranted to grind. The contract did not expressly or by implication exclude remedies for the breach of other warranties. "A right to return when exclusive, will be restricted to that warranty to which it relates and will not bar a claim for the breach of another independent warranty." Ann. Cases 1915 D, pp. 1157-1159; 55 C. J., p. 810; 30 A. L. R. 293. In *Lyon* v. *Williams Patent Crusher &c. Co.*, 26 *Ga. App.* 760 (107 S. E. 590), there was no warranty as to capacity or fineness but a mere provision for rescission if the machine did not do certain work. If there is any ruling in that case contrary to what is here held it is disapproved. The allegations in the affidavit as amended are sufficient as against a general demurrer to allege a breach of all the warranties as construed by this court.

3. The provision in the contract, "We guarantee that this hammer mill will have a capacity of 15 tons per hour of such material as submitted to us for examination and tested, when grinding material of which 90 to 95% will pass through 1/8" mesh when the moisture content does not exceed 15%, and that should the moisture content exceed 15% the capacity of this machine should be correspondingly lowered," standing alone is ambiguous and could mean that the material which would pass through a 1/8" screen applied either to the material *before* it

was ground or to the material *after* it was ground. But, construed in the light of all the facts alleged, the request for particular warranties, the statements in the letter accompanying the contract, and the provision in the contract permitting a rescission if the machine did not grind "to the fineness mentioned above," and in the absence of further facts evidencing a different intention, the contract means that the machine is warranted as to the capacity stated and that it will grind the material similar to the sample tested to such a fineness that 90 to 95% of the material would pass through a 1/8-inch screen *after* it was processed. As against a general demurrer the affidavit alleges a breach of this warranty. It alleges a breach generally which includes the allegation that the proper material was put into the machine, and the facts alleged show that no contention was made by the plaintiff that improper material was used. "Covenants of warranty should be so construed as to require and encourage the utmost good faith in all the contracting parties." Code, § 96-302. Under the facts this principle requires the interpretation that we have placed on the warranties in the contract here involved, and it seems idle to repeat the circumstances set forth in the statement of facts: The court erred in sustaining the general demurrer to the affidavit and in dismissing it. *Judgment reversed. Sutton, C. J., and Worrill, J., concur.*